UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-CV-21418

LUIS GONZALEZ,

 Plaintiff,

vs.

S1 SECURITY GROUP, INC., AND
ROLANDO E. PALMA,

 Defendants.
_____/

# COMPLAINT

 Plaintiff, Luis Gonzalez, sues Defendants, S1 Security Group, Inc., and Rolando E. Palma, as follows:

*Parties, Jurisdiction, and Venue*

1. **Plaintiff, Luis Gonzalez**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. **Defendant, S1 Security Group, Inc.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

3. **Defendant, Rolando E. Palma,** was and is an owner/officer/director/manager of the corporate Defendant during the time relevant to this lawsuit. He ran its day-to-day operations, was responsible for significant operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

4. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over his related claims brought under Florida state law.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most, if not all, of the operational decisions were made in this District.

*Common Factual Allegations*

6. Plaintiff worked as a "Security Officer" for the Defendants from approximately November 13 to 27, 2025.

7. Defendants scheduled Plaintiff to work at The Reserve from Thursday to Monday, from 11:00 p.m. to 7:00 a.m.

8. Plaintiff worked as scheduled without issue or incident and logged his hours in the app SOS Guard, as Defendants required him to do.

9. The payroll calendar Defendants gave to Plaintiff indicated that he would be paid on November 25, 2025, for work performed through November 16, 2025, as Sundays marked the end of each workweek.

10. When Plaintiff did not receive payment on November 25, 2025, he emailed Defendant, Rolando E. Palma, later that day.

11. Defendant, Rolando E. Palma, responded that his payroll person would handle the situation, and copied her on the email.

12. To date, Defendants have not provided a satisfactory or other response to Plaintiff nor paid him the wages he earned.

13. Any conditions precedent to filing this lawsuit occurred and/or were satisfied by Plaintiff.

14. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)
**(Against Both Defendants)**

Plaintiff, Luis Gonzalez, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

### *FLSA Jurisdictional Allegations*

15. Plaintiff consents to participate in this lawsuit.

16. Plaintiff was an employee of the Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

17. Plaintiff was a non-exempt employee of the Defendants.

18. Plaintiff's job duties involved providing on-site security services, monitoring and patrolling assigned premises, controlling access to the property, responding to incidents, and completing reports and documentation, all as required by the Defendants.

19. Plaintiff regularly and routinely utilized telephones, cellular telephones, two-way radios, computers, electronic reporting systems, surveillance equipment, golf carts, and other goods and supplies that moved through interstate commerce.

20. Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

21. To the extent that records exist regarding the exact dates of Plaintiff's employment, Defendants are believed to have such records (or the FLSA requires Defendants to make and keep them).

22. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' full-service private security business an enterprise covered by and subject to the requirements imposed by the FLSA.

23. In particular, Defendants own and operate a full-service private security company that provides security services to commercial and residential clients and training through its Academy (on various courses that include First Aid, Concealed Carry, AED, Advance Defensive Carbine, and Defense Home Protection-Close Quarter Response Combine Pistol), in the course of their regularly conducted business, regularly and recurrently use and handle goods, materials, and supplies that were produced outside the State of Florida before being received in this District, to engage in interstate commerce.

24. Defendants regularly and routinely use and handle shirt patches, safety helmets, tools, and credit cards, all of which traveled in interstate commerce before arriving in Florida.

25. Defendants also communicated with their workers and others by regularly and routinely using telephones to transmit information through text message, WhatsApp, email, and the Internet, and these transmissions regularly and routinely traveled outside the State of Florida.

26. Defendants engaged in interstate commerce through their regular and recurrent sending and/or receipt of money outside of the State of Florida.

27. Furthermore, Defendants obtain, solicit, exchange, and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in conducting their business.

28. Defendants also engage in e-commerce on their website, https://s1securitygroup.com/, which they registered through GoDaddy.com, LLC (a foreign corporation), and on which they allow potential customers to enroll in various courses they offer at https://s1securitygroup.com/training-academy/.

29. Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 per year and/or $125,000 for each fiscal quarter during the preceding three years.

*FLSA Minimum Wage Liability and Damages*

30. The FLSA requires each covered employer to pay each non-exempt employee at least the direct minimum wage of $7.25 per hour at 29 U.S.C. §206(a)(1)(C).

31. Plaintiff was not paid, despite the work he performed and emails he exchanged about getting paid for his work, and so brought this lawsuit to recover the wages he earned but did not receive.

32. Defendants did not pay Plaintiff at least the minimum wage of $7.25 per hour by failing to pay and/or timely pay Mr. Gonzalez (at all) for the work he performed for them from approximately November 12 to 27, 2025.

33. Plaintiff suffered FLSA minimum wage damages of $594.50 ($7.25/hour x 82 hours) because Defendants did not pay him at least the federal minimum wage of $7.25 per hour for the 82 hours he worked for them from approximately November 12 to 27, 2025.

34. Plaintiff is entitled to recover from the Defendants the $594.50 in FLSA minimum wages earned but not timely paid, plus an equal amount as liquidated damages.

35. Plaintiff further seeks to recover his attorney's fees and costs as permitted by the FLSA. 29 U.S.C. §216(b).

Coral Gables, Florida | Detroit, Michigan
**FairLaw Firm**

WHEREFORE Plaintiff, Luis Gonzalez, demands the entry of a judgment in his favor and against Defendants, S1 Security Group, Inc and Rolando E. Palma, jointly and severally, after trial by jury and as follows:

a. That Plaintiff be awarded compensatory minimum wage damages of $594.50;

b. That Plaintiff be awarded $594.50 in liquidated damages as provided under the law and in 29 U.S.C. § 216(b) as an amount equal to the compensatory minimum wage damages awarded;

c. That Plaintiff be awarded pre-judgment interest on all unpaid minimum wage if the Court does not award liquidated damages;

d. That Plaintiff be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

e. That Plaintiff be awarded all other interest allowed by law; and

f. Award Plaintiff such other and further relief as the Court deems just and proper.

### COUNT II – RETALIATION IN VIOLATION OF THE FLSA
**(Against S1 Security Group Inc.)**

Plaintiff, Luis Gonzalez, reincorporates and re-alleges paragraphs 1 through 29 as though set forth fully herein, and further alleges as follows:

36. The FLSA, at 29 U.S.C. §215(a)(3) states that "it shall be unlawful for any person… to discharge or in any manner discriminate against any employee because such employee has filed a complaint or instituted or caused to be instituted any proceeding under this chapter, or has testified or is about to testify in any such proceeding."

37. Plaintiff complained to the Defendants by email that he had not been paid any wages for the work he performed in the payroll issued on November 25, 2025.

38. He again complained to the Defendants in the WhatsApp group chat about not being paid for the work he performed.

39. Plaintiff told the Defendants that he could not work anymore until he was paid the wages he earned and which he should have been paid.

40. After Plaintiff complained to the Defendants that he had not been paid any wages for the work he performed, Defendants unlawfully retaliated against Plaintiff by continuing to withhold payment (to this day) for the work performed through November 25, 2025, and by terminating his employment.

41. Defendants violated 29 U.S.C. §215(a)(3) as a direct and proximate result of Plaintiff complaining about not being paid at all for the work he performed.

42. Plaintiff suffered damages as a direct and proximate result of the Defendants' retaliatory actions, including the loss of his job, the wages and benefits attendant to his employment, suffered emotional distress and mental anguish, and suffered other damages for which he seeks recovery from Defendants.

43. Plaintiff further seeks to recover his attorney's fees and costs as permitted by the FLSA. 29 U.S.C. §216(b).

WHEREFORE Plaintiff, Luis Gonzalez, demands the entry of a judgment in his favor and against Defendants, S1 Security Group, Inc and Rolando E. Palma, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff be awarded compensatory damages, including the loss of income in the past and in the future, lost benefits, for mental anguish and emotional distress, loss of dignity, consequential damages, and other intangible injuries;

    b. That Plaintiff be awarded liquidated damages as provided under the law and in 29 U.S.C. § 216(b) in an amount equal to the compensatory damages awarded;

    c. That Plaintiff be reinstated in his employment and promoted to the position he should be holding but for the unlawful discrimination;

    d. That Plaintiff be awarded pre-judgment interest on all unpaid wages if the Court does not award liquidated damages;

  e. That Plaintiff be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

  f. That Plaintiff be awarded all other interest allowed by law; and

  g. Award Plaintiff such other and further relief as the Court deems just and proper.

## COUNT III – BREACH OF CONTRACT
### (Against S1 Security Group Inc.)

Plaintiff, Luis Gonzalez, reincorporates and re-alleges paragraphs 1 through 14 as though set forth fully herein, and further alleges as follows:

44. Through this claim, Plaintiff seeks recovery of the "gap time" wages that he worked and earned, but did not receive.[1]

45. Plaintiff and Defendant, S1 Security Group Inc, agreed that it would compensate him at a rate of $16.00 for each hour that he worked in exchange for his perform the work requested of him.

46. Plaintiff performed under the parties' contract/agreement by performing work for Defendant, as aforesaid.

47. Defendant, S1 Security Group Inc, however, failed and refused to perform its obligation to timely pay Plaintiff at the agreed upon rate of $16.00 for each of the 82 hours he worked for it between approximately November 12 and 27, 2025.

48. Plaintiff suffered damages of $1,312.00 ($16.00/hour x 82 hours) as a direct and proximate result of this Defendant's breach of the parties' agreement through its failure to pay him for the 82 hours he worked for it between approximately November 12, 2025, and November 27, 2025.

---

[1] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

WHEREFORE Plaintiff, Luis Gonzalez, demands the entry of a judgment in his favor and against Defendant, S1 Security Group Inc, after trial by jury, for breach of contract damages suffered of $1,312.00, pre-judgment and post-judgment interest, costs and attorney's fees incurred in this matter pursuant to Fla. Stat. §448.08, and for such other and further relief as this Court deems just and proper.

### COUNT IV – UNJUST ENRICHMENT
**(Against S1 Security Group Inc.)**

Plaintiff, Luis Gonzalez, reincorporates and re-alleges paragraphs 1 through 14 as though set forth fully herein and further alleges as follows:

49. Through this claim, Plaintiff seeks recovery of the "gap time" wages that he worked and earned but did not receive.[2]

50. Plaintiff provided labor and services for Defendant, S1 Security Group Inc, and it received and accepted the benefits of the labor and services supplied by Plaintiff.

51. Plaintiff expected to be paid a reasonable value for the labor and services provided to this Defendant for the 82 hours he worked for it between approximately November 12 and 27, 2025.

52. Plaintiff provided services on behalf of Defendant, S1 Security Group Inc, as requested, and it received and accepted the benefits of the work, efforts, and labor that Plaintiff provided.

53. Defendant, S1 Security Group Inc, was unjustly enriched in that it failed and refused to pay Plaintiff for the benefits conferred upon it between approximately November 12 and 27, 2025.

---

[2] *See* Paragraph 34, above.

WHEREFORE Plaintiff, Luis Gonzalez, demands the entry of a judgment in his favor and against Defendant, S1 Security Group Inc, after trial by jury, for the reasonable value of the benefits he conferred on the this Defendant, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Luis Gonzalez, demands a trial by jury of all issues so triable.

Respectfully submitted this 3rd day of March 2026,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq. (174742)
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:    305.230.4884
> *Counsel for Plaintiff*