Case 1:26-cv-21418-JEM

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:26-CV-21418-MARTINEZ/SANCHEZ

**LUIS GONZALEZ,**

Plaintiff,

vs.

**S1 SECURITY GROUP INC AND**
**ROLANDO E. PALMA,**

Defendants.

_____/

### DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM

Defendants, S1 Security Group Inc and Rolando E. Palma (collectively, "Defendants"), by and through undersigned counsel, pursuant to the Court's Notice of Court Practices in FLSA Cases [ECF No. 5], hereby file this Response to Plaintiff's Statement of Claim [ECF No. 13] and state as follows:

### *Preliminary Statement*

Defendants acknowledge that the Statement of Claim is a case management tool and not a formal pleading. *See Calderon v. Baker Concrete Const., Inc.*, 771 F.3d 807, 811 (11th Cir. 2014). Defendants file this Response to correct material inaccuracies in Plaintiff's estimates and to place the Court and opposing counsel on notice that Plaintiff's wages were fully calculated, checks were issued, and payment has been available for collection since December 2025.

### RESPONSE TO PLAINTIFF'S CLAIMS

1. Defendants dispute Plaintiff's assertion that he does not have access to time and pay records. Plaintiff logged his hours using the SOS Guard mobile application, as required by Defendants, and would have had access to his own records through that system. Moreover, Defendants maintained complete payroll records through their third-party payroll administrator, FrankCrum, and those records are available.

2. No response required.

3. Denied. Plaintiff's estimate of $1,312.00 is inaccurate. According to FrankCrum's Detail Payroll Register Report, Plaintiff worked a total of 81.5 hours (not 82 hours as Plaintiff

Case 1:26-cv-21418-JEM

estimates), and his total gross wages were $1,304.00 at the agreed rate of $16.00 per hour. Two payroll checks were issued in the total net amount of $1,141.52, broken down as follows:

| Check / Pay Period | Period Dates | Hours | Gross Pay | Taxes | Net Pay |
|---|---|---|---|---|---|
| No. 907128874 | 11/10 – 11/23/25 | 73.5 | $1,176.00 | $152.68 | $1,023.32 |
| No. 907136709 | 11/24 – 12/07/25 | 8.0 | $128.00 | $9.80 | $118.20 |
| **TOTAL** | | **81.5** | **$1,304.00** | **$162.48** | **$1,141.52** |

Both checks were processed by FrankCrum and physically cut on December 1, 2025, and December 15, 2025, respectively — **before** this lawsuit was filed on March 3, 2026. Copies of the FrankCrum Detail Payroll Register Report and pay stubs are available and were previously transmitted to Plaintiff's counsel via letter dated March 11, 2026.

4.      Defendants dispute Plaintiff's calculation. Plaintiff was compensated at $16.00 per hour, which exceeds both the federal minimum wage of $7.25 per hour and the Florida minimum wage of $14.00 per hour in effect during the relevant period. The correct calculation based on actual payroll records is $16.00 per hour × 81.5 hours = $1,304.00 in gross wages. Plaintiff's claim of $594.50 in FLSA minimum wage damages is without merit because wages were calculated at a rate more than double the federal minimum wage and checks were issued.

5.      Defendants admit that Plaintiff's employment dates were approximately November 13 through November 27, 2025. Plaintiff's hire date was November 13, 2025, as documented in his signed offer letter and Employee Checklist.

6.      Defendants deny that Plaintiff is entitled to liquidated damages. Defendants acted in good faith and had reasonable grounds for believing their actions were not in violation of the FLSA. The payroll process was initiated through FrankCrum before any legal threat was made, and checks were issued in the ordinary course of business. Pursuant to 29 U.S.C. § 260, the Court should exercise its discretion to deny liquidated damages.

7.      No response required.

8.      Defendants reserve all rights to respond to any amended or supplemental Statement of Claim.

9.      Defendants note that the damages computation in the operative Complaint is likewise inaccurate and should be revised to reflect the actual payroll records maintained by FrankCrum.

Case 1:26-cv-21418-JEM

## DEFENDANTS' POSITION ON DAMAGES

Defendants maintain that Plaintiff is owed $0.00 in unpaid wages. The complete factual basis for this position is as follows:

**a.      Wages Fully Calculated and Checks Issued.** Plaintiff's wages for all hours worked were calculated by FrankCrum at the agreed rate of $16.00 per hour. Two payroll checks totaling $1,304.00 in gross wages ($1,141.52 net after lawful tax withholdings) were physically cut on December 1 and December 15, 2025.

**b.      Payment Available Before Suit Filed.** Both checks were available for Plaintiff's collection at S1 Security's Doral office (1645 NW 79th Avenue, Doral, FL 33126) beginning in December 2025. The checks were subsequently transmitted to defense counsel's office and remain available for Plaintiff's pickup.

**c.      Plaintiff Failed to Collect.** Plaintiff was advised by S1 Security's payroll representative, Camila Rodriguez, to collect his checks at the Doral office and to return company property (ID badge, uniform patches, and equipment) as required by his signed Payroll Deduction Agreement and Employee Handbook (Section 5-23). Plaintiff never appeared to collect his checks or return company property.

**d.      No Willful Violation.** The delay in payment resulted from an administrative processing issue during Plaintiff's first payroll cycle, not from any willful refusal to pay. Defendant Palma personally forwarded Plaintiff's November 25, 2025 email inquiry to payroll the same day, demonstrating responsiveness and good faith.

**e.      Setoff for Unreturned Property.** To the extent any damages are found, Defendants are entitled to a setoff of $117.00 for unreturned company property (S1 Security ID, shirt patches, pants, and belt), as agreed to in Plaintiff's signed Payroll Deduction Agreement dated November 13, 2025.

**Summary of Defendants' Position:**

| Item | Plaintiff Claims | Defendants' Position |
|---|---|---|
| Hours Worked | 82 | 81.5 |
| Gross Wages Owed | $1,312.00 | $1,304.00 |
| Wages Paid / Available | $0.00 | $1,141.52 (net) |
| **Unpaid Wages** | **$1,312.00** | **$0.00** |
| FLSA Min Wage Damages | $594.50 | $0.00 |
| Liquidated Damages | $594.50 | $0.00 |
| Setoff (Unreturned Property) | N/A | ($117.00) |

Case 1:26-cv-21418-JEM

Defendants reserve the right to supplement or amend this Response based upon information obtained through discovery and/or as additional information becomes known.

Respectfully submitted,

**HOSS HERNANDEZ, P.A.**

3250 N.W. 7th Street
Miami, Florida 33125
Telephone: (305) 859-2222
Facsimile: (305) 938-0771
Email: HossHernandezPA@gmail.com

By: **Hoss Hernandez, Esq.**
Counsel for Defendants, S1 Security Group Inc
and Rolando E. Palma

Dated: April 8, 2026

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 8, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF:

Katelyn Schickman, Esq.
Brian H. Pollock, Esq.
FairLaw Firm
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
brian@fairlawattorney.com / katie@fairlawattorney.com