UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-CV-21418-MARTINEZ/SANCHEZ

LUIS GONZALEZ,
      Plaintiff,

vs.

S1 SECURITY GROUP, INC., AND
ROLANDO E. PALMA,
      Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT [ECF NO. 16]

Defendants, S1 Security Group, Inc. ("S1 Security") and Rolando E. Palma ("Palma") (collectively, "Defendants"), by and through undersigned counsel, hereby file this Answer to Plaintiff's Amended Complaint [ECF No. 16] and assert their Affirmative Defenses as follows:

## GENERAL DENIAL

Defendants deny each and every allegation contained in the Amended Complaint unless specifically admitted herein. To the extent any allegation is not specifically addressed below, it is hereby denied.

## RESPONSES TO SPECIFIC ALLEGATIONS

### *Parties, Jurisdiction, and Venue*

1. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 and therefore deny the same.

2. Admitted that S1 Security Group, Inc. is a Florida for-profit corporation that conducts business in Miami-Dade County, Florida.

3. Admitted that Rolando E. Palma is the President of S1 Security Group, Inc. Denied that he was personally responsible for paying Plaintiff's wages; payroll was processed through a third-party payroll company, FrankCrum.

4. Paragraph 4 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over the subject matter of this action.

5. Paragraph 5 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants admit that venue is proper in this District.

### *Common Factual Allegations*

6. Admitted that Plaintiff worked as a Security Officer for Defendants from approximately November 13 to November 27, 2025. Denied that Plaintiff's start date was November 12; Plaintiff's hire date was November 13, 2025, as documented in his signed Employee Checklist and offer letter.

7. Admitted.

8. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 8 in their entirety and therefore deny the same. Defendants state that Plaintiff was required to log hours in the SOS Guard application and that records exist reflecting hours worked.

9. Admitted that S1 Security operates on a biweekly payroll cycle. The payroll calendar provided to Plaintiff indicated payday for the period ending November 16, 2025, was scheduled for November 25, 2025.

10. Admitted that Plaintiff sent an email on November 25, 2025, inquiring about his first paycheck.

11. Admitted. Defendant Palma promptly forwarded Plaintiff's email to S1 Security's payroll representative, Camila Rodriguez, and copied Plaintiff on the response on the same date, November 25, 2025.

12. Denied. Defendants state that two payroll checks were issued to Plaintiff by FrankCrum: Check No. 907128874, dated December 1, 2025, in the net amount of $1,023.32 (for the pay period 11/10/2025–11/23/2025, 73.5 hours at $16.00/hour); and Check No. 907136709, dated December 15, 2025, in the net amount of $118.20 (for the pay period 11/24/2025–12/07/2025, 8 hours at $16.00/hour). Both checks were physically cut and made available for Plaintiff's pickup at S1 Security's Doral office. Plaintiff was advised to collect his checks and return company property but never appeared to do so. Copies of the checks were transmitted to Plaintiff's counsel via letter dated March 11, 2026, and the actual checks remain available at defense counsel's office.

13. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 and therefore deny the same.

14. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and therefore deny the same.

## RESPONSE TO COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

### (Against Both Defendants)

15. No responsive pleading required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of this allegation.

16. Admitted that Plaintiff was an employee of S1 Security Group, Inc. during the relevant period. Denied as to Defendant Palma in his individual capacity.

17. Admitted.

18. Admitted in part. Plaintiff's job duties involved providing on-site security services, monitoring and patrolling assigned premises, and controlling access. Defendants deny any characterization not consistent with Plaintiff's actual job duties.

19. Denied as stated. Plaintiff was assigned to an overnight security post and used the SOS Guard mobile application to log hours. Defendants deny that Plaintiff "routinely utilized" all items listed.

20. Denied. S1 Security Group, Inc. was Plaintiff's employer. FrankCrum served as the payroll and benefits administrator. Palma is denied as a joint employer or co-employer.

21. Admitted that records exist regarding Plaintiff's employment dates and that Defendants maintained such records as required by law.

22. Admitted in part that S1 Security employed two or more employees. The remaining legal conclusions require no response; to the extent a response is required, they are denied as stated.

23. Admitted in part that S1 Security provides security services and training. Denied as to any characterization not consistent with S1 Security's actual business operations.

24. Admitted that S1 Security uses shirt patches, safety equipment, and tools in the course of business. The characterization of these items traveling in "interstate commerce" is a legal conclusion requiring no response.

25. Admitted that Defendants communicated with employees using telephones, text messages, WhatsApp, and email.

26. Admitted that S1 Security sends and receives payments through a third-party payroll company located in Clearwater, Florida.

27. Denied as overly broad and not reflective of S1 Security's actual business operations.

28. Admitted that S1 Security maintains a website. Denied as to any characterization beyond the website's actual content and functionality.

29. Denied. Defendants lack sufficient knowledge or information to confirm the revenue figures stated and therefore deny the same.

30. Paragraph 30 states a legal conclusion to which no responsive pleading is required.

31. Denied. Plaintiff's wages were calculated, processed, and two checks were physically issued by FrankCrum before this lawsuit was filed. Plaintiff failed to collect the checks despite being advised to do so.

32. Denied. Defendants compensated Plaintiff at the agreed rate of $16.00 per hour, which exceeds both the federal minimum wage of $7.25 per hour and the Florida minimum wage of $14.00 per hour. Two checks totaling $1,304.00 in gross wages ($1,141.52 net) were issued and remain available.

33. Denied. The premise is false. Plaintiff's wages were calculated and checks were issued. Plaintiff's failure to collect his checks does not constitute a failure by Defendants to pay.

34. Denied. Defendants are not liable for liquidated damages because they acted in good faith and had reasonable grounds for believing their actions were not in violation of the FLSA.

35. Denied. Plaintiff is not entitled to attorney's fees or costs.

## RESPONSE TO COUNT II – RETALIATION IN VIOLATION OF THE FLSA

### (Against S1 Security Group Inc.)

36. Paragraph 36 quotes a statute and requires no responsive pleading.

37. Admitted that Plaintiff emailed S1 Security on November 25, 2025, regarding his pay. Denied that this constituted protected activity under the FLSA.

38. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 and therefore deny the same.

39. Denied as stated. Plaintiff voluntarily ceased reporting to work. Defendants did not instruct Plaintiff to stop working.

40. Denied. Defendants did not retaliate against Plaintiff. Checks were issued on December 1 and December 15, 2025. Defendants did not terminate Plaintiff's employment; Plaintiff voluntarily abandoned his position by failing to report for his scheduled shifts.

41. Denied.

42. Denied. Plaintiff's separation from employment was voluntary. Defendants took no retaliatory action.

43. Denied. Plaintiff is not entitled to attorney's fees or costs on this count.

## RESPONSE TO COUNT III – BREACH OF CONTRACT

### (Against S1 Security Group Inc.)

44. Denied as stated. To the extent wages were owed, they were calculated and checks were issued.

45. Admitted that Plaintiff's agreed rate of pay was $16.00 per hour.

46. Admitted that Plaintiff performed work for S1 Security during the period of his employment.

47. Denied. S1 Security did not refuse to pay Plaintiff. Two checks were issued through FrankCrum and made available for pickup. Plaintiff failed to collect them and failed to return company property as required by the signed Payroll Deduction Agreement and Employee Handbook.

48. Denied. Plaintiff's total gross wages for 81.5 hours worked were $1,304.00, not $1,312.00 as alleged. Two checks totaling $1,141.52 in net pay were issued and remain available.

## RESPONSE TO COUNT IV – UNJUST ENRICHMENT

### (Against S1 Security Group Inc.)

49. Denied as stated. See response to Paragraph 44.

50. Admitted that Plaintiff provided labor and services to S1 Security during his employment.

51. Denied as stated. Plaintiff's compensation was calculated and checks were issued.

52. Admitted that Plaintiff provided services to S1 Security. Denied that S1 Security failed to compensate Plaintiff.

53. Denied. S1 Security was not unjustly enriched. Plaintiff's wages were fully calculated and checks were issued prior to this lawsuit.

## RESPONSE TO COUNT V – FLORIDA MINIMUM WAGE VIOLATION(S)

**(Against Both Defendants)**

***Satisfaction of Conditions Precedent***

54. Admitted that Plaintiff served a pre-suit notice letter dated March 4, 2026, which Defendants received on March 11, 2026. Defendants deny that the pre-suit notice requirements of Fla. Stat. §448.100(6) are unconstitutional. Defendants further state that they responded to the pre-suit notice through counsel's letter dated March 11, 2026, which enclosed copies of the two payroll checks previously issued to Plaintiff, demonstrating that payment had already been tendered.

55. Denied. Defendants did not fail to cure or resolve the claimed violations. As set forth herein, Plaintiff's wages had already been calculated and checks had been issued months before the pre-suit notice was served. Defendants' counsel responded to the pre-suit notice on the same day it was received, March 11, 2026, by transmitting copies of the checks and advising that the physical checks were available for pickup. Plaintiff's failure to collect his available checks does not constitute a failure to cure by Defendants.

***The Law***

56. Paragraph 56 quotes the Florida Constitution and requires no responsive pleading.

57. Paragraph 57 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants admit that employees are entitled to be paid the minimum wage established by Florida law, and state that Plaintiff was in fact compensated at $16.00 per hour, which exceeded the Florida minimum wage of $14.00 per hour at all relevant times.

58. Paragraph 58 quotes the Florida Constitution and requires no responsive pleading.

***Liability***

59. Denied. Defendants compensated Plaintiff at the agreed rate of $16.00 per hour, which exceeded the Florida minimum wage of $14.00 per hour. Two payroll checks totaling $1,304.00 in gross wages were issued by FrankCrum on December 1 and December 15, 2025. Plaintiff's failure to collect his available checks does not constitute a failure by Defendants to pay.

60. Denied. The premise is false. Plaintiff's wages were fully calculated at $16.00 per hour — above the Florida minimum wage — and checks were issued. Plaintiff's claim of $1,148.00 in FMWA damages is without merit.

61. Denied. Defendants are not liable for liquidated damages under the FMWA because they acted in good faith, wages were calculated at a rate exceeding the Florida minimum wage, and checks were issued before any legal action was threatened or filed.

62.     Denied. Plaintiff is not entitled to attorney's fees or costs under the FMWA.

## AFFIRMATIVE DEFENSES

Without waiving any general or specific denials set forth above, and without assuming the burden of proof on any issue upon which Plaintiff bears the burden, Defendants assert the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

### Good Faith (FLSA and FMWA)

Defendants acted in good faith and had reasonable grounds for believing that their actions were not in violation of the FLSA or the Florida Minimum Wage Act. Defendants initiated the payroll process through their third-party payroll provider, FrankCrum, and two checks were issued to Plaintiff on December 1, 2025, and December 15, 2025, respectively — before any legal action was threatened or filed. Plaintiff was compensated at $16.00 per hour, exceeding both the federal minimum wage ($7.25/hour) and the Florida minimum wage ($14.00/hour). Pursuant to 29 U.S.C. § 260 and Fla. Stat. § 448.110, the Court should exercise its discretion to deny or reduce any award of liquidated damages.

### SECOND AFFIRMATIVE DEFENSE

### Payment / Tender of Payment

Plaintiff's claims are barred or should be reduced because Defendants fully calculated Plaintiff's wages and caused two payroll checks to be issued in the total gross amount of $1,304.00. These checks have been available for Plaintiff's collection since December 1 and December 15, 2025, and copies were transmitted to Plaintiff's counsel on March 11, 2026. The physical checks remain available at defense counsel's office. Defendants have at all times been ready, willing, and able to deliver the checks upon Plaintiff's compliance with the company's off-boarding requirements.

### THIRD AFFIRMATIVE DEFENSE

### Failure to Mitigate Damages

Plaintiff failed to mitigate his damages by refusing or failing to collect his payroll checks from S1 Security's Doral office despite being advised to do so by the company's payroll representative, Camila Rodriguez. Plaintiff further failed to return company property, including his S1 Security ID badge, uniform patches, and other issued equipment, as required by the signed Payroll Deduction Agreement and Employee Handbook Section 5-23. Plaintiff's failure to take reasonable steps to collect available payment bars or reduces any recovery.

### FOURTH AFFIRMATIVE DEFENSE

### Unclean Hands

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands. Plaintiff signed the Payroll Deduction Agreement and Employee Handbook, both of which require the return of

all company-issued property upon separation. Plaintiff has failed to return these items while simultaneously claiming non-payment of wages.

## FIFTH AFFIRMATIVE DEFENSE

### Setoff / Recoupment

Defendants are entitled to a setoff or recoupment against any amounts found due to Plaintiff for the value of unreturned company property, including but not limited to S1 Security ID badge, uniform shirt patches, pants, and belt, the replacement cost of which was disclosed in the signed Payroll Deduction Agreement at $117.00. Plaintiff acknowledged and agreed that deductions for unreturned property could be taken from his final paycheck.

## SIXTH AFFIRMATIVE DEFENSE

### Voluntary Abandonment of Employment

Plaintiff was not terminated by Defendants. Plaintiff voluntarily abandoned his position by ceasing to report for his scheduled shifts without providing the two-week notice required by the Employee Handbook Section 5-23. The Amended Complaint's allegation that Defendants terminated Plaintiff's employment (Paragraph 40) is false. Accordingly, Plaintiff's retaliation claim under Count II fails as a matter of law because there was no adverse employment action taken by Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### No Retaliation / Absence of Causal Connection

Plaintiff's FLSA retaliation claim under Count II fails because there is no causal connection between any protected activity and any adverse employment action. Plaintiff voluntarily stopped reporting to work. The payroll checks were processed in the ordinary course of business before any complaint was made.

## EIGHTH AFFIRMATIVE DEFENSE

### Preemption / Duplicative Recovery

To the extent Plaintiff's state-law claims for breach of contract (Count III), unjust enrichment (Count IV), and FMWA violations (Count V) seek recovery for the same wages at issue in the FLSA claims (Counts I and II), those claims should be limited to avoid impermissible double recovery. Plaintiff cannot recover the same unpaid wages multiple times under different legal theories.

## NINTH AFFIRMATIVE DEFENSE

### Failure to State a Claim (Unjust Enrichment)

Count IV for unjust enrichment fails as a matter of law because an express contract existed between the parties governing Plaintiff's compensation at $16.00 per hour, as evidenced by the

signed offer letter dated November 13, 2025. A claim for unjust enrichment cannot be maintained where an express contract covers the same subject matter.

## TENTH AFFIRMATIVE DEFENSE

### Rolando E. Palma Is Not an "Employer"

Defendant Rolando E. Palma denies individual liability under both the FLSA and the FMWA. Payroll was administered entirely through FrankCrum. Any delay in issuing Plaintiff's paycheck resulted from an administrative processing issue at the payroll company level, not from any individual act or omission by Palma. Palma did not exercise sufficient control over Plaintiff's wages to qualify as an "employer" under 29 U.S.C. § 203(d) or Fla. Stat. § 448.101.

## ELEVENTH AFFIRMATIVE DEFENSE

### Compliance with Pre-Suit Notice (FMWA)

With respect to Count V, Defendants responded to Plaintiff's pre-suit notice under Fla. Stat. § 448.100(6) on the same day it was received, March 11, 2026, by transmitting copies of both payroll checks and advising Plaintiff's counsel that the physical checks remained available for pickup. Defendants' good-faith response to the pre-suit notice negates any claim that Defendants failed to cure or resolve the alleged violation.

## TWELFTH AFFIRMATIVE DEFENSE

### Reservation of Defenses

Defendants reserve the right to assert additional affirmative defenses as they become known through discovery and further investigation of this matter.

## PRAYER FOR RELIEF

WHEREFORE, Defendants, S1 Security Group, Inc. and Rolando E. Palma, respectfully request that this Court:

a.      Dismiss Plaintiff's Amended Complaint in its entirety, with prejudice;

b.      Deny Plaintiff's request for liquidated damages under both the FLSA and the FMWA based on Defendants' good faith;

c.      Deny Plaintiff's request for attorney's fees and costs;

d.      Award Defendants their costs and attorney's fees incurred in defending this action;

e.      Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Hoss Hernandez*
HOSS HERNANDEZ, ESQ.
Florida Bar No.: 852716
3250 NW 7th Street
Miami, Florida 33125
Tel: (305)-859-2222
Fax: (305) 938-0771
Email: hosshernandezpa@gmail.com

Dated: April 21, 2026

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 21, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF:

Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Katelyn Schickman, Esq. (1064879)
katie@fairlawattorney.com
FairLaw Firm
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146


By: **Hoss Hernandez, Esq.**