## MUTUAL GENERAL RELEASE AND SETTLEMENT AGREEMENT

This Mutual General Release and Settlement Agreement ("Agreement") is entered into by and between **LUIS J. GONZALEZ** ("Plaintiff" or "Gonzalez"), an individual residing in Miami-Dade County, Florida, and **S1 SECURITY GROUP INC.**, a Florida corporation, and **ROLANDO E. PALMA**, individually (collectively, "Defendants"), with Plaintiff and Defendants are collectively referred to herein as the "Parties"

## RECITALS

**WHEREAS**, Plaintiff filed a Complaint and subsequently an Amended Complaint in the United States District Court for the Southern District of Florida, Case No. 1:26-CV-21418-MARTINEZ/SANCHEZ (the "Action"), asserting claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA"), and Florida common law;

**WHEREAS**, Defendants denied and continue to deny all allegations of wrongdoing and liability, and filed an Answer and Affirmative Defenses to the Amended Complaint;

**WHEREAS**, the Parties participated in a settlement conference at which they reached a settlement of all disputes between them;

**WHEREAS**, the Parties desire to fully, finally, and forever resolve all claims, disputes, and controversies between them that they asserted or could have asserted in the Action and that arose out of and/or are related to the Plaintiff's employment with Defendants;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## TERMS AND CONDITIONS

1.  **Settlement Payment.** Defendants shall pay to Plaintiff the total sum of **Twelve Thousand Two Hundred Eighty-Three Dollars and Four Cents ($12,283.04)** (the "Settlement Amount") as full and complete settlement of all claims asserted or that could have been asserted in the Action. The Settlement Amount includes $1,141.52 to Plaintiff for back wages, $1,141.52 in liquidated damages, and $10,000 to Plaintiff's counsel for fees and costs, represents a compromise of disputed claims, and the Parties agree that no portion of this payment constitutes an admission of liability.

2.  **Payment Terms.** The Settlement Amount shall be paid by check made payable to the "**FairLaw Firm Trust Account**" and delivered to Plaintiff's counsel, Brian H. Pollock, Esq., FairLaw Firm, 135 San Lorenzo Ave., Suite 770, Coral Gables, FL 33146, so it is received within **fourteen (14) days** of the Court's entry of an Order approving this Agreement.

3.  **Plaintiff's Release of Claims.** In consideration of his receipt of the the Settlement Amount, Plaintiff, on behalf of himself and his heirs, executors, administrators, assigns, and successors in interest, hereby fully, finally, and forever releases, acquits, and discharges Defendants, and their respective officers, directors, shareholders, members, managers, employees, agents, insurers, attorneys, predecessors, successors, assigns, parent companies, subsidiaries, and affiliates (collectively, "Defendant Released Parties"), from any and all claims, demands, actions, causes of action, suits, damages, losses, expenses, and liabilities of any kind whatsoever, whether known or unknown, suspected or unsuspected, asserted or unasserted, which Plaintiff now has, has ever had, or may hereafter have against the Defendant Released Parties, arising out of or in any way related to:

    (a) Plaintiff's employment with Defendants and/or the termination thereof;

    (b) All claims asserted or that could have been asserted in the Action;

    (c) All claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.;

    (d) All claims arising under the Florida Minimum Wage Act, Fla. Stat. § 448.110;

    (e) All claims for retaliation under 29 U.S.C. § 215(a)(3);

    (f) All claims for breach of contract, unjust enrichment, quantum meruit, or any other common law claim;

    (g) Any and all other claims, whether arising under federal, state, or local law, rule, regulation, or ordinance, or under common law, related to Plaintiff's employment with Defendants.

4.  **Defendants' Release of Claims.** In consideration of Plaintiff's release and the dismissal of the Action, Defendants, on behalf of themselves and their respective officers, directors, shareholders, members, managers, employees, agents, insurers, attorneys, predecessors, successors, assigns, parent companies, subsidiaries, and affiliates, hereby fully, finally, and forever release, acquit, and discharge Plaintiff, and his heirs, executors, administrators, assigns, and successors in interest (collectively, "Plaintiff Released Parties"), from any and all claims, demands, actions, causes of action, suits, damages, losses, expenses, and liabilities of any kind whatsoever, whether known or unknown, suspected or unsuspected, asserted or unasserted, which Defendants now have, have ever had, or may hereafter have against the Plaintiff Released Parties, arising out of or in any way related to Plaintiff's employment with Defendants and/or the facts and circumstances alleged in the Action, including but not limited to any claims for return of company property, payroll deductions, or breach of any employment agreement.

5.  **Dismissal with Prejudice.** Upon execution of this Agreement and receipt of the Settlement Amount, the Parties shall jointly move for, or consent to, the entry of an Order dismissing the Action with prejudice, with each party to bear its own attorneys' fees and costs except as otherwise provided herein, upon condition that the Court retain jurisdiction over the Action for 60 days for enforcement of this Agreement.

6. **No Admission of Liability.** This Agreement represents a compromise and settlement of disputed claims. Nothing in this Agreement shall be construed as an admission of liability, wrongdoing, or violation of any law by any Party. Defendants expressly deny all allegations of wrongdoing or liability.

7. **Tax Consequences.** The Parties acknowledge that they have not received tax advice from the other Party or the other Party's counsel regarding the tax consequences of this settlement. Each Party shall be solely responsible for the payment of his/its share of any taxes due on amounts received pursuant to this Agreement.

8. **Confidentiality.** The Parties agree that the terms and conditions of this Agreement shall remain confidential and shall not be disclosed to any third party, except: (a) as required by law, regulation, or court order; (b) to the Parties' respective attorneys, accountants, tax advisors, or financial advisors; (c) to immediate family members; or (d) as necessary to enforce the terms of this Agreement. Notwithstanding the foregoing, the Parties acknowledge that this Agreement must be submitted to the Court for approval pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and the filing of this Agreement with the Court shall not constitute a breach of this provision.

9. **Non-Disparagement.** The Parties agree that they shall not make any disparaging, defamatory, or derogatory statements about the other Party to any third person or entity, whether orally, in writing, or through any electronic medium, including social media. This provision shall not restrict either Party from providing truthful testimony or information as required by law, subpoena, or court order. In response to any inquiry regarding Plaintiff's employment, Defendants shall limit their response to his dates of work and position held without reference to any claim, lawsuit, or the resolution thereof.

10. **Covenant Not to Sue.** Each Party covenants and agrees not to file, initiate, or participate in any lawsuit, arbitration, administrative proceeding, or other legal action against the other Party based upon, arising out of, or related to the claims released herein. In the event any Party breaches this covenant, the breaching Party shall be liable for all attorneys' fees and costs incurred by the non-breaching Party in defending against such action.

11. **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties concerning the subject matter hereof and supersedes all prior or contemporaneous agreements, negotiations, representations, warranties, and understandings between the Parties, whether written or oral. No modification of this Agreement shall be valid unless made in writing, signed by all Parties, and approved by the Court presiding over the Action.

12. **Governing Law and Venue.** This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to its conflict of laws principles. Any dispute arising out of or relating to this Agreement shall be brought exclusively in the United States District Court for the Southern District of Florida.

13.  **Severability.** If any provision of this Agreement is held to be invalid, illegal, or unenforceable, the remaining provisions shall remain in full force and effect.

14.  **Voluntary Execution.** Each Party represents and warrants that: (a) they have carefully read this Agreement and fully understand its terms and conditions; (b) they are signing this Agreement voluntarily and of their own free will; (c) they have been advised to consult with an attorney before executing this Agreement and have had a reasonable opportunity to do so; (d) they have not been coerced, threatened, or pressured into signing this Agreement; and (e) they are legally competent to enter into this Agreement.

15.  **Authority.** Rolando E. Palma represents and warrants that he has full authority to execute this Agreement on behalf of himself individually and on behalf of S1 Security Group Inc. Plaintiff represents and warrants that he has full authority to execute this Agreement on his own behalf.

16.  **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. Electronic or facsimile signatures shall be deemed equivalent to original signatures for all purposes.

17.  **Court Approval.** The Parties acknowledge that, because this Action includes claims under the FLSA, this Agreement is subject to approval by the Court pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). In the event the Court does not approve this Agreement, the Agreement shall be null and void, and the Parties shall be restored to their respective positions as if this Agreement had never been executed.


**          **          SIGNATURES CONTAINED ON NEXT PAGE          **          **


THIS SPACE INTENTIONALLY LEFT BLANK

**SIGNATURE PAGE**

**IN WITNESS WHEREOF**, the Parties have executed this Mutual General Release and Settlement Agreement as set forth below:

**PLAINTIFF:**

_____

**LUIS J. GONZALEZ**
Date: May 14, 2026

*Luis Gonzalez*
Luis Gonzalez (May 14, 2026 09:50:13 EDT)

**DEFENDANTS:**

**S1 SECURITY GROUP INC.**

Signed by:

4D0940EE62304D0...
_____
**By: Rolando E. Palma**
Its: Authorized Representative
Date: 5/14/2026

Signed by:

4D0940EE62304D0...
_____
**ROLANDO E. PALMA, Individually**
Date: 5/14/2026